IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 2 4 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| WILLIAM MARK SULLIVAN, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:13-CV-586-C |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

*B. Parties*

Petitioner William Mark Sullivan, TDCJ-ID #1849693, is confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) in Bonham, Texas.

Respondent William Stephens is the Director of TDCJ.

*C. Factual Background*

By way of this petition, petitioner challenges his March 28, 2013, felony conviction in Wise County, Texas, for failing to register as a sex offender. (Pet. at 2) Respondent's documentary

exhibits reflect that petitioner was indicted for the offense on May 30, 2012, in the 271st District

Court of Wise County in Cause No. CR16653.  (SHR[1] at 79)  Petitioner filed two pretrial state

habeas applications raising complaints related to the indictment, the trial court's jurisdiction, access

to the courts, prosecutorial misconduct, and/or excessive bail.[2]  (SHR at 65, 97)  Petitioner also filed

a prior federal habeas petition as a pretrial detainee under 28 U.S.C. § 2241 complaining of excessive

bail. *Sullivan v. Walker*, Civil Action No. 4:12-CV-844-Y.

On March 28, 2013, petitioner pleaded guilty to the offense in state court pursuant to a plea

bargain agreement and was sentenced to two years' confinement.  (SHR at 88-95)  Petitioner did not

file a notice of appeal, having waived the right as part of the plea bargain agreement.  (SHR at 87)

On May 8, 2013, petitioner's second pretrial state habeas application was dismissed by the Texas

Court of Criminal Appeals without written order.  (SHR at cover)  Petitioner has not filed a

postconviction state habeas application.  In this postconviction federal petition, he raises four

grounds for habeas relief.  Respondent has filed a motion to dismiss the petition on exhaustion

grounds.

*D. Exhaustion*

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169

F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the

---

[1]"SHR" refers to the court record in petitioner's state habeas application No. WR-78,461-03.

[2]From the state court records in petitioner's prior federal habeas action in Civil Action No. 4:12-CV-844-Y the undersigned "gleaned" from the records that petitioner's first state habeas application was made orally by petitioner, pro se, while he was represented by court-appointed counsel.

federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

The record supports respondent's assertion that petitioner has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at 443. Petitioner did not directly appeal his conviction, and he presents no evidence that he has filed a postconviction state writ of habeas corpus challenging his conviction. Because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Accordingly, petitioner must first pursue his available state remedies, in this case postconviction state habeas relief, before seeking relief under § 2254.  Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus.  *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).  Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss be GRANTED and that petitioner's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations[3] or other federal procedural bar that may apply.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

---

[3]28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-death penalty habeas corpus petitions in federal court, subject to applicable tolling.  *See* 28 U.S.C. § 2244(d)(1)-(2).

4

recommendation until November ___*14*___, 2013.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November ___*14*___, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October ___*24*___, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE